IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHERWOOD PROPERTIES, INC. § | | |
|   d/b/a 44 FARMS § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | | **CIVIL ACTION NO.** |
| § | | **JURY TRIAL DEMANDED** |
| DPM MANAGEMENT, INC., § | | |
| § | | |
| **Defendant** § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Sherwood Properties, Inc., d/b/a 44 Farms files this Original Complaint against DPM Management, Inc. alleging trademark infringement, unfair competition, and invalidity of a junior trademark registration, and would respectfully show:

## PARTIES

1. Plaintiff Sherwood Properties, Inc. d/b/a 44 Farms ("Plaintiff" or "44 Farms") is a corporation organized under the laws of the State of Texas with its principal place of business at 1401 McKinney Street, Suite 222, Houston, Texas 77010.

2. Defendant DPM Management, Inc. ("Defendant" or "DPM") is a corporation organized under the laws of the State of Arizona with its principal place of business at 15169 North Scottsdale Road, Suite C-250, Scottsdale, Arizona 85254.

## JURISDICTION AND VENUE

3. This action arises under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.* Accordingly, original jurisdiction over this cause of action is conferred upon this Court pursuant to 15 U.S.C. § 1121, 1125 and 28 U.S.C. §§ 1331 and 1338 (a) and (b).

PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 1

4. Defendant does business in Texas and thus, jurisdiction is proper over Defendant in this judicial district. Venue is proper under 28 U.S.C. §§ 1391(b) and (c).

5. This Court has personal jurisdiction over Defendant in that Defendant has sufficient contacts with the state of Texas and this Judicial District to subject it to specific and general personal jurisdiction. The contacts with the state of Texas and this Judicial District and Division include the promotion of a restaurant to be opened under the name STEAK 44 on Westheimer Road in Houston, Texas.

**FACTS**

6. Plaintiff 44 Farms is a family-owned business that raises cattle and sells registered Black Angus cattle to other ranchers and premium Black Angus steaks to high-end restaurants in Texas and other states, and to consumers nationwide through its website, www.44farms.com and www.44steaks.com.

7. Defendant DPM owns and/or operates a high-end steak restaurant in Phoenix, Arizona, named "Steak 44." DPM recently announced its intention to open a steak restaurant in Houston named "Steak 44" and to expand into Dallas, Chicago, and elsewhere under the name "Steak 44."

**Plaintiff 44 Farms**

8. 44 Farms is recognized as one of the premier Black Angus producers in the country. It started in 1909 in Milam County, Texas, when Sherwood McClaren began branding his cattle with the number "44." Today, Sherwood McClaren's great grandson, Robert "Bob" McClaren, continues to raise and sell cattle and in 2012 he expanded the business to sell 44 Farms' premium Black Angus steaks.

9.      44 Farms owns several federally registered trademarks incorporating "44 Farms" for its ranching business, and four federally registered trademarks incorporating "44 Farms" covering meats, the first of which was filed on August 17, 2011 and registered May 15, 2012. *See* Exhibit A.1. The four federally registered marks covering meats are attached hereto as Exhibits A.1 – A.4. Two of the marks were first used in commerce on November 21, 2011 (Exs. A.1 and A.2) and the other two were first used in commerce in April 2012 (Exs. A.3 and A.4). The trademarks cover Plaintiff's goods, namely meat, frozen meat, beef, beef franks, top sirloin, ground beef, rib eye bone in steaks, rib eye boneless steaks, filet mignon steaks, all made with Angus beef. *See* Exs. A.1 – A.4  In addition, Plaintiff has used the unregistered mark "44 Steaks" since 2012 and has advertised "44 Steaks.com" in national magazines, including but not limited to *Food & Wine*, *Travel + Leisure*, *Town & Country*, and *REAL SIMPLE*. *See* Exhibit B. Plaintiff also did online banner and search ads beginning in 2012 and ran a television commercial promoting 44 Steaks that aired nationally on Lifetime network.

10.     Through its national advertising campaign and its website, 44 Farms and 44 Steaks markets and sells all natural, USDA Prime & Choice Black Angus steaks. To purchase steaks, consumers can click on tabs for "Steaks" or "44 Farms Steaks" on the homepage of 44 Farms' website—which directs them to 44 Steaks.com—or they can go to any number of high-end restaurants in Houston, Dallas, and Austin that serve its steaks. Houston-area restaurants that market and sell steaks from 44 Farms include, but are not limited to, The Pass & Provision, Triniti, Tony Mandola's, Underbelly, Killen's Steakhouse, BRC, Local Pour, and Fielding's Wood Grill. *See* Exhibit C.

11. As a result of the sale of its steaks online, Plaintiff's national advertising campaign, and the marketing of Plaintiff's steaks in high-end Texas restaurants, consumers have identified the name "44 Steaks" and "44 Farms" with high quality beef products emanating from Plaintiff 44 Farms in Cameron, Texas.

**Defendant DPM**

12. On information and belief, in April 2014, Defendant DPM opened one high-end steak house in Phoenix, Arizona, named "Steak 44." To date, this is the only restaurant Defendant has opened using the name Steak 44. DPM owns two registered service marks that incorporate the phrase "Steak 44." *See* Exhibits D.1 – D.2. Defendant filed these applications in 2013 and 2014, long after Plaintiff had been using 44 Farms and 44 Steaks.

13. In late June of 2015, the press in Houston began commenting on a development in the River Oaks area of Houston that would house a number of restaurants, including Steak 44. One article specifically noted that **Steak 44 "is not to be confused with 44 Steaks, the prime Texas beef that is served in some of Houston's best restaurants including Underbelly, Brennan's and Triniti."** *See* Exhibit E (emphasis added). Until the time of this press in Houston, Plaintiff was unaware of Defendant or its use of Steak 44.

14. On June 28, 2015, 44 Farms' counsel wrote to counsel for Defendant to express concerns about Defendant's apparent intent to expand outside of Phoenix, Arizona, using the confusingly similar name Steak 44. Despite various communications and meetings, Defendants have not agreed to cease the use of Steak 44 and in fact have

expressed their intention to open restaurants using this name across the United States, beginning in Houston and Dallas.

15. Plaintiff has used the marks 44 Farms and 44 Steaks long prior to any use of the name Steak 44 by Defendant. The marks 44 Farms and 44 Steaks are inherently distinctive and/or have acquired distinctiveness long prior to Defendants' use of the name Steak 44. The goodwill associated with the 44 Farms and 44 Steaks marks are valuable assets to Plaintiff. Plaintiff has expended great effort and considerable resources in the promoting and advertising its products under its trademarks.

16. Defendant's use of the name Steak 44 in connection with steakhouse restaurants is likely to confuse consumers into believing that the restaurants are sponsored by, connected with, endorsed by, or otherwise affiliated with 44 Steaks and 44 Farms. Consumers are likely to think a restaurant named Steak 44 sells steaks from 44 Steaks or 44 Farms. Additionally, Plaintiff's vendors who buy and sell Plaintiff's steaks in their own restaurants are likely to believe that Plaintiff has gone into competition with them in the restaurant business, which will substantially harm Plaintiff.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGEMENT

17. Plaintiff realleges and incorporates by reference paragraphs 1 through 16, inclusive, of this Complaint as fully set forth herein.  Defendants' conduct described above constitutes trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1).

18. The acts of Defendant, as set forth above, constitute use in interstate commerce of reproductions, counterfeits, copies, and/or colorable imitations of Plaintiff's registered trademarks. Further, Defendants' use of an almost identical mark in connection with confusing similar services, within this judicial district and elsewhere, is likely to

cause confusion, cause mistake, and deceive as to the affiliation, connection, and association of Defendant with Plaintiff.

19. Further, the activities of Defendant are intended to, and are likely to lead the public to conclude, incorrectly, that the infringing uses of the marks described in this Complaint are authorized by Plaintiff to the damage and harm of Plaintiff.

20. As a result of Defendant's activities, Defendant has caused and will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law for relief from Defendant's wrongful conduct. Accordingly, Plaintiff is entitled to damages and injunctive relief.

## COUNT TWO
## UNFAIR COMPETITION

21. Plaintiff realleges and incorporates by reference paragraphs 1 through 20, inclusive, of this Complaint as fully set forth herein. Defendant's conduct described above constitutes federal unfair competition under the Lanham Act, 15 U.S.C. §1125(a)(1).

22. The activities of Defendant are intended to, and are likely to lead the public to conclude, incorrectly, that there is an association or affiliation between Defendant and Plaintiff when there is not.

23. As a result of Defendant's activities, Defendant has caused and will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law for relief from Defendants' wrongful conduct. Accordingly, Plaintiff is entitled to damages and injunctive relief.

## COUNT THREE
## COMMON LAW UNFAIR COMPETITION

24. Plaintiff realleges and incorporates by reference paragraphs 1 through 23, inclusive, of this Complaint as fully set forth herein. Defendant's actions described above constitute unfair competition under Texas common law.

25. As a result of Defendant's wrongful conduct, Plaintiff is entitled to injunctive relief and damages to be proven at trial.

## COUNT FOUR
## DECLARATORY JUDGMENT THAT DEFENDANT'S TRADEMARK REGISTRATIONS ARE INVALID AND SHOULD BE CANCELLED

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25, inclusive, of this Complaint as fully set forth herein.

27. On January 4, 2013, Defendant filed an application with the United States Patent and Trademark Office to register the mark Steak 44 FORTY FOUR and design, based on Defendant's intent to use the mark in commerce. The mark ultimately was registered on January 20, 2015 under Registration No. 4,675,863, alleging use beginning on April 5, 2014. A true and correct copy of the registration is attached hereto as Exhibit D.1.

28. On March 6, 2014, Defendant filed an application with the United States Patent and Trademark Office to register the mark Steak 44 and design, based on Defendant's intent to use the mark in commerce. The mark ultimately was registered on November 25, 2014 under Registration No. 4,646,705, alleging use beginning on April 5, 2014. A true and correct copy of the registration is attached hereto as Exhibit D.2.

29. On information and belief, Defendant was aware of Plaintiff's trademark registrations shown in Exhibits A.1 – A.4 prior to the filing of its own applications and prior to its use of Steak 44 for restaurant services.

30. Due to the fact that steaks and restaurant services featuring steaks are related and due to the similarity in the marks shown in Exhibits D.1 and D.2 with Plaintiff's prior marks 44 Farms and 44 Steaks, the registrations issued to Defendant are invalid and Plaintiff requests a declaration from this Court that the registrations are invalid and thus, the Court should direct the Commissioner to cancel the registrations shown in Exhibits D.1 and D.2.

## JURY DEMAND

31. Plaintiff requests a trial by jury of all claims.

## PRAYER FOR RELIEF

Plaintiff prays that it have judgment against Defendant for the following:

(1) A decree that the marks 44 Farms and 44 Steak are infringed by the Defendant through its use of the mark Steak 44 and Steak 44 FORTY FOUR for restaurant services;

(2) A decree that Defendant's use of the mark Steak 44 and Steak 44 FORTY FOUR is likely to cause confusion and mistake as to Defendant's affiliation, connection, and association with Plaintiff and as to the origin, sponsorship, and approval of the Defendant's restaurant services which constitutes infringement under 15 U.S.C. §1114 *et. seq.* as well as unfair competition under federal and common law;

(3) An order directing the Commissioner to cancel Registration No. 4,646,705 and Registration No. 4,675,863;

(4) A permanent injunction enjoining and restraining Defendant and its agents, servants, officers, employees, affiliates, divisions, subsidiaries, and those in association with them, from using the mark and name Steak 44 or Steak 44 FORTY FOUR or any other mark confusingly similar to the marks 44 Steaks or 44 Farms;

(5) An award of damages as requested in each Count above;

(6) An award of exemplary damages;

(7) An award of all costs of this action, including a finding that this is an exceptional case, entitling Plaintiff to attorneys' fees under 15 U.S.C. §1117;

and

(8) Such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**DOBROWSKI, LARKIN & JOHNSON L.L.P.**

By: */s/ Paul J. Dobrowski*
Paul J. Dobrowski
Attorney-in-charge
Fed. Bar No. 3208
State Bar No. 05927100
pjd@doblaw.com
Danielle N. Andrasek
Fed. Bar No. 569877
State Bar No. 24045410
dna@doblaw.com
4601 Washington Avenue, Suite 300
Houston, Texas 77007
(713) 659-2900 Telephone
(713) 659-2908 Facsimile

/s/ Molly Buck Richard
Molly Buck Richard
molly@richardlawgroup.com
Texas Bar No. 16842800
David J. Diamond
david@richardlawgroup.com
Texas Bar No. 24074134
RICHARD LAW GROUP, INC.
8411 Preston Road, Suite 890
Dallas, TX  75225
(214) 206-4300 (phone)
(214) 206-4330 (fax)

**Counsel for Plaintiff,
Sherwood Properties, Inc. d/b/a 44 Farms**